UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAYME SCHNEIDER, | ) | CASE NO.  5:13CV2741 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| GOODYEAR TIRE & RUBBER | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' Revised Joint Motion for Court Approval of Settlement Agreement and Release, which seeks the Court's approval of a settlement agreement resolving the plaintiff's claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Doc. No. 14.) For the reasons that follow, the settlement is approved and the parties' revised joint motion is granted.

I. **BACKGROUND**

In this action, filed December 12, 2013, plaintiff Mayme Schneider ("plaintiff" or "Schneider") sought to recover wages alleged to have been earned by her and owed to her by her former employer, defendant Goodyear Tire & Rubber Company ("defendant" or "Goodyear"). (Compl., Doc. No. 1 at ¶ 1.) In its answer, defendant denied that plaintiff was entitled to any additional wages, and further denied that it violated the FLSA. (Answer, Doc. No. 5. at ¶¶ 1, 9.)

On April 2, 2014, the Court conducted a Case Management Conference that was attended by plaintiff, defendant's representative, Lisa Brass, and counsel for each side. (Apr. 2, 2014 Minutes.) During the conference, the Court explored with the parties and counsel the possibility of settlement. After a period of discussion and consideration, the parties advised the Court that a settlement had been reached. (*Id*.)

On May 2, 2014, the parties filed a Joint Motion for Court Approval of Settlement Agreement and Release. (Doc. No. 12.) While the settlement agreement was not appended to the motion, the parties caused a copy of the agreement to be hand-delivered to the Court's chambers. On June 4, 2014, the Court conducted a telephonic status conference with counsel for the purpose of discussing the motion. At the conclusion of the conference, the Court instructed counsel to file a revised motion for approval of the settlement that specifically addressed the factors the Court must consider when determining whether the settlement of a FLSA claim is fair. (June 4, 2014 Minutes.) Counsel complied, and the present revised motion is ripe and ready for disposition.

**II. APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty Gov*., Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of

living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of

success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff maintained that she performed work in two different departments in excessive of forty (40) hours per week. She claimed that defendant improperly classified her as an exempt employee, and, therefore, wrongfully deprived her of overtime pay. Defendant asserted that plaintiff, given her duties, was properly classified as exempt and was not entitled to overtime pay. The parties also disputed the number of hours that plaintiff worked on behalf of defendant. Ultimately, defendant denied that it violated any provision of the FLSA. (Doc. No. 14 at 65.) The divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the revised joint motion and the settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of Court-supervised

---

[1] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

arms-length negotiations between two parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was in its infancy when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

For all of the foregoing reasons, the Court grants the parties' revised joint motion and approves the settlement. This case is closed, and the Clerk is instructed to place a copy of the settlement agreement on the docket under seal. The copy of the settlement agreement, hand-delivered by the parties to chambers, shall be destroyed.

**IT IS SO ORDERED**.

Dated: June 9, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**